UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT EVANS, on his own behalf | ) | |
| and on behalf of a class of those similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-2254 |
| | ) | |
| COMMISSIONER, INDIANA DEPARTMENT | ) | |
| OF CORRECTION,  in her official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

**Class Action Complaint for Injunctive and Declaratory Relief**

**Introduction**

1.      Indiana Department of Correction ("DOC") prisoners have the right to receive
publications that include photobooks—commercially prepared books of personal
photographs—subject to general regulations preventing sexual and other inappropriate
content. More stringent requirements concerning appropriateness of attire and
appearance are imposed on persons visiting prisoners in DOC institutions or
participating in video visits. However, the DOC has imposed those stringent in-person
visitation dress requirements on attire and appearance not just on in-person visitors, but
also on individual photographs that are physically or electronically mailed to prisoners.
This results in such absurd consequences as a prisoner not being allowed a photograph
of a person in a tank top, even though prisoners can receive books, including photobooks,

containing the exact same or similar photographs. The DOC policy illegitimately impinges on the right of prisoners to receive communications and violates the First Amendment. Appropriate injunctive and declaratory relief should enter both for the plaintiff and a class of all DOC prisoners.

**Jurisdiction, venue, cause of action**

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and by 28 U.S.C. §§ 2201, 2202.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Class action allegations**

6.      Plaintiff brings this action on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

7.      The class is defined as:

   All Indiana Department of Correction prisoners.

8.      The class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

   a.      The class is so numerous that joinder of all members is impracticable. As of July 1, 2023 there were 20,013 adult male Department of Correction prisoners and 1,988 adult female Department of Correction prisoners.

Indiana Department of Correction -Division of Data Science and Analysis at 12, https://www.in.gov/idoc/files/policy-and-procedure/offender -population-statistical-reports/offender-population-statistical-report-june-2023.pdf (last visited Dec. 13, 2023).

b.    There are questions of law or fact common the class: whether the challenged policy violates the First Amendment.

c.    The claims of the representative party are typical of those of the class.

d.    The representative party will fairly and adequately protect the interests of the class.

9.    The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met here in that at all times the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

10.    Undersigned counsel are appropriate to represent the class and satisfy all requirements of Rule 23(g) of the Federal Rules of Civil Procedure and should be appointed to represent the class.

**Parties**

11.    Robert Evans is an adult resident of the State of Indiana.

12.    The Commissioner of the Indiana Department of Correction is the duly appointed head of the agency.

**Facts**

13.    Robert Evans is a DOC prisoner who is currently confined in the New Castle Correctional Facility.

[3]

14.     Although the New Castle Correctional Facility houses DOC prisoners, it is operated by a private corporation, The GEO Group, Inc.

15.     Nevertheless, the prisoners confined in the New Castle Correctional Facility are DOC prisoners and are subject to all DOC policies and procedures.

16.     DOC policies and procedures provide that prisoners are able to receive books, magazines, newspapers, and other publications, subject only to prohibitions on matter which is contraband, threatens the safety or security of the institution, features nudity, or is otherwise prohibited. DOC Policy and Administrative Procedure, 02-01-103, *Correspondence* at 23-24, https://www.in.gov/idoc/files/02-01-103-Correspondence-9-8-2023.pdf ("Correspondence Policy") (last visited Dec. 13, 2023).

17.     Included within the above publication rules are photobooks, which are commercially prepared, bound volumes of personal photographs created from photographs that are uploaded to the printer or publisher who creates the book that is sent to the prisoner.

18.     Prisoners may also receive photographs through the U.S. mail or electronically through GTL, a service that allows messages to be sent to prisoners with photographs attached.

19.     Prisoners may also receive videograms —short video messages—through GTL.

20.     If color photographs are mailed to prisoners they will be photocopied and the photocopy will be given to the prisoner.

[4]

21.    Visitation is allowed for prisoners who are not under visitation restrictions. Both in-person visits and video visitation may be allowed.

22.    DOC Policy and Administrative Procedure, 02-01-102, *Offender Visitation*, provides that each facility shall have written rules concerning visitation, which include appropriate dress for persons visiting prisoners. *Id.* at 8. https://www.in.gov/idoc/files/ 02-01-102-AP-Offender-Visitation-10-1-2016.pdf (last visited Dec. 13, 2023).

23.    For example, the New Castle Correctional Facility has the following dress code for visits:

a.    Head attire is permitted only for religious purposes and is subject to search
b.    Hooded sweatshirts or clothing with a hood is not permitted inside the visitation room
c.    Shirts/tops must be opaque and have sleeves that cover the shoulder
d.    Low cut shirts/tops exposing chest area not permitted
e.    Undergarments must be worn but not visible
f.    Spandex, Lycra, or skin-tight clothing of any material, to include "leggings" is not permitted
g.    Shorts, skirts, and dresses (or those with a slit) must extend from the waist down to at least 2" above the knee
h.    Tattered clothing with tears or holes tethered together is not permitted
i.    Shoes with either a flat heel or no more than a 2½" non-spike heel must be worn by adults and children, with the exception of infants who aren't walking
j.    Light sweaters and blazers over shirts/tops are permitted
k.    Jackets and coats are not permitted in the visitation room and must be stored in a locker during visit
l.    Any clothing with a metal trim that cannot clear the metal detector will not be permitted
m.    Clothing with vulgar language or pictures is not permitted
n.    Front desk staff may deny a visit if it is determined that the attire is otherwise inappropriate

https://www.in.gov/idoc/files/NCCF-Visitation-Rules-2020.pdf    (last    visited    Dec.    13,

2023).

24.      The Correspondence Policy (at page 29) provides that "[i]ndividuals appearing in

videograms or pictures shall comply with dress and behavior standards as outlined in

Policy and Administrative 02-01-102, 'Visitation.'"

25.      This means that a prisoner can receive a photobook containing pictures of their

children in hooded sweatshirts or bathing suits, as such attire does not violate any of the

rules governing publications, but they cannot receive the identical photographs via the

electronic mail system as that clothing would not be permitted in an in-person visit.

26.      Robert Evans has had photographs sent to him that contained a picture of women

in tank tops as well as a photograph of his adult daughter in shorts and a shirt exposing

her midriff and his less then 10-year-old grandchildren in bedclothes. The photographs

were sent through the GTL system.

27.      These and other photographs were not delivered to Mr. Evans because persons

dressed this way would not be allowed to visit a prisoner.

28.      However, these photographs would be allowed if part of a commercially prepared

photobook.

29.      Mr. Evans has filed grievances concerning the blocking of the photographs. They

were denied with the facility noting in one grievance response that individuals in

[6]

videograms or pictures had to comply with the visitation dress code and "[a]n individual in this picture was not dressed appropriately per visitation guidelines."

30.     Mr. Evans has fully exhausted the DOC's grievance procedure concerning this issue.

31.     The receipt of photographs from friends and family is essential for Mr. Evans and other prisoners to maintain contact with the outside world.

32.     It is much easier and cheaper to send single photographs electronically to a prisoner through GTL, than it is to pay for the preparation and delivery of a photobook.

33.     There is not a valid penological justification for the DOC's policy that requires photographs sent to prisoners via GTL or via the mail to meet in-person visitation dress-code requirements, as opposed to meeting only the requirements imposed on photobooks and other publications.  This is particularly so inasmuch as the DOC allows prisoners to receive photographs in photobooks even though the persons in the photographs are not wearing clothes that would meet dress-code requirements for in-person visitation .

34.     The DOC's policy requiring that photographs meet in-person dress code requirements is not rationally connected to a legitimate governmental interest.

35.     Requiring the same standards to be imposed on individual photographs sent to prisoners as are imposed on photobooks or other publications would not negatively affect correctional officers, other prisoners, or prison resources, and requiring the same standards to apply is a ready alternative to the current policy.

36.     At all times defendant has acted and has failed to act under color of state law.

37.     Plaintiffs and the putative class are being caused irreparable harm for which there

is no adequate remedy at law.

**Legal claim**

38.     The DOC's policy that requires that persons in photographs sent to prisoners be

dressed in a manner that meets the dress code for in-person visits violates the First

Amendment.

**Request for relief**

    WHEREFORE, plaintiff requests that this Court

    a.     accept jurisdiction of this case and set it for hearing at the earliest
    opportunity.

    b.     certify this case as a class action with the class defined as noted above.

    c.     declare that the challenged policy violates the First Amendment.

    d.     enter a preliminary injunction, later to be made permanent

        i.     removing the requirement that persons in photographs mailed or
        electronically delivered to prisoners be dressed in a manner that
        satisfies the in-person visitation dress codes in each institution, and

        ii.     ordering that all photographs blocked by the unconstitutional policy
        be delivered to the plaintiff and the class.

    e.     award plaintiff his costs and reasonable attorneys' fees pursuant to 42
    U.S.C. § 1988.

    f.     award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiffs

[9]